UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AARON M. GRAVES,

   Plaintiff,

v.

CLINTON D. HAKE *et al.*,

   Defendants.

CAUSE NO. 3:20-CV-171 DRL-MGG

OPINION AND ORDER

Aaron M. Graves, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against several correctional officers at the Allen County Jail, alleging they used excessive force against him. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Graves alleges that, on May 9 (year left unspecified), he was having an anxiety attack and began walking around D-block to try and alleviate anxiety. ECF 1 at 2. He noticed several officers approaching aggressively, so he squatted down and placed his arms over his head in fear. *Id.* He says he was then beaten, shot several times with a stun gun, and sprayed with OC even after he was handcuffed. *Id.* at 2-3. The alleged beating

began in cell block D and continued down the C-D block corridor into the elevator. *Id.* at 2. Mr. Graves says he collapsed, had no vital signs, and was taken to the hospital. *Id.* at 3.

It is unclear from the complaint whether on the date of the incident, Mr. Graves was a pretrial detainee, protected by the Fourteenth Amendment's prohibition on objectively unreasonable force, *see Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), or whether he was already convicted and sentenced and therefore protected by the Eighth Amendment's prohibition on force applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline," *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citation omitted); *see Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (holding Eighth Amendment rights do not vest until sentencing). Under the Fourteenth Amendment, Mr. Graves must show that the defendants acted with "a purposeful, a knowing, or possibly a reckless state of mind" and that the force used was "objectively unreasonable" based on the "facts and circumstances of [his] case," whether or not defendants were subjectively aware their conduct crossed a line. *Kingsley*, 576 U.S. at 397 (quotation marks and citation omitted). Under the Eighth Amendment, defendants' subjective intent is relevant. *See Miller v. Peachy*, 744 F. App'x 951, 953 (7th Cir. 2018) ("[C]onduct that is merely unreasonable is insufficient to support an Eighth Amendment excessive-force claim.").

At the pleading stage, Mr. Graves has alleged a plausible claim under either standard. He alleges that when the beating started, he was squatting down covering his head and that force continued to be used even after he was handcuffed. On these facts, it

is reasonable to infer the force used was objectively unreasonable and not done in a good faith effort to restore discipline.

In the complaint, Mr. Graves lists eight officers whom he alleges participated in the beating: Clinton D. Hake, Zacha Stefanski, John A. Wiese, Kerst Barnfield, Trevor T. Braun, Grant M. Detrick, Issac Valencia, and John Brenneman. The complaint adequately alleges the personal involvement required to state an excessive force claim against these defendants. *See Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) ("[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim.").

Mr. Graves lists four other defendants, David Taylor, Kristina J. Day, Chri McLaughlin, and Robert Vanover, whom he alleges watched and did nothing. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable under § 1983. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). Here, it can be reasonably inferred that the altercation lasted long enough for one of these defendants to act. Therefore, Mr. Graves has stated a claim against these defendants for failure to intervene.

The complaint is silent as to what defendant Todd A. Schweyer allegedly did or did not do during the incident. Personal liability under § 1983 is predicated on personal involvement. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). A complaint must give a defendant

adequate notice of the allegations against him. *See Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013). Here, the basis for suing Mr. Schweyer is unclear, so he will be dismissed.

For these reasons, the court:

(1) GRANTS Aaron M. Graves leave to proceed on a claim against Clinton D. Hake, Zacha Stefanski, John A. Wiese, Kerst Barnfield, Trevor T. Braun, Grant M. Detrick, Isaac Valencia, and John Brenneman in their individual capacities for monetary damages for using excessive force against him on May 9 in violation of the Constitution;

(2) GRANTS Aaron M. Graves leave to proceed on a claim against David Taylor, Kristina J. Day, Chri McLaughlin, and Robert Vanover in their individual capacities for monetary damages for failing to intervene when other officers used excessive force against Graves on May 9 in violation of the Constitution;

(3) DISMISSES Todd A. Schweyer;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Clinton D. Hake, Zacha Stefanski, John A. Wiese, Kerst Barnfield, Trevor T. Braun, Grant M. Detrick, Isaac Valencia, John Brenneman, David Taylor, Kristina J. Day, Chri McLaughlin, and Robert Vanover at the Allen County Jail and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Allen County Sheriff to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Clinton D. Hake, Zacha Stefanski, John

A. Wiese, Kerst Barnfield, Trevor T. Braun, Grant M. Detrick, Isaac Valencia, John Brenneman, David Taylor, Kristina J. Day, Chri McLaughlin, and Robert Vanover, if any of them does not waive service and if it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Clinton D. Hake, Zacha Stefanski, John A. Wiese, Kerst Barnfield, Trevor T. Braun, Grant M. Detrick, Isaac Valencia, John Brenneman, David Taylor, Kristina J. Day, and Chri McLaughlin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 20, 2021

*s/ Damon R. Leichty*
Judge, United States District Court